

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John H. Winters
Executive Director
State Department of Public Welfare
Austin 3, Texas

Dear Sir:

Opinion No. 0-6350
Re: Violation of Section 32
of the Public Welfare Act
of 1941.

We are pleased to reply to your letter of December 20, 1944, in which you request the opinion of this department on the above captioned subject.

The facts contained in the memorandum submitted with your letter are, briefly: That A extorted $15.00 cash from B on the promise that she (A) would get B's husband a grant of old age assistance. The full price A charged B for this extraordinary service was $60.00; $15.00 cash and the balance to be paid out of the old age assistance grant after it was obtained.

We are of the opinion that the above set of facts, if true, constitute a violation of Section 32 of the Public Welfare Act of 1941, the same being Article 695c, Vernon's Annotated Civil Statutes, which reads as follows:

"It shall be unlawful for any attorney at law, or attorney in fact, or any other person, firm or corporation whatsoever, representing any applicant or recipient of assistance to the aged, to the needy blind, or to any needy dependent child, or for any child welfare service with respect to any application before the State Department, or any of its agents, to charge a fee for his services in excess of Ten Dollars ($10) in aiding or representing any such applicant before the State Department, or for any other

Honorable John H. Winters, page 2

service in aiding such applicant to secure as-
sistance or service. It shall likewise be un-
lawful for any person, firm or corporation, to
advertise, hold himself out for or solicit the
procurement of assistance or service."

Subsection (3) of Section 34 provides the penalty
and reads in part as follows:

". . . or whoever violates section 32 or
section 33 of this Act, shall be guilty of a mis-
demeanor, and upon conviction thereof, shall be
fined any sum not more than One Hundred Dollars
($100) or be imprisoned for not less than six
(6) months, nor more than two (2) years, or be
both so fined and imprisoned."

Further, you inquire whether or not it would be
in violation of Section 33 of the Public Welfare Act of 1941
for the State Department to furnish the county attorney with
whatever information may be contained in the case record of
the husband of the said B, and whether or not the worker may
appear in court and testify as to the information which she
obtained while acting in the capacity of a worker with the
State Department.

Your second question is prompted by the provi-
sions of Section 33 (1), which reads as follows:

"It shall be unlawful, except for purposes
directly connected with the administration of
general assistance, old age assistance, aid to
the blind, or aid to dependent children, and in
accordance with the rules and regulations of the
State Department, for any person or persons to
solicit, disclose, receive, make use of, or to
authorize, knowingly permit, participate in, or
acquiesce in the use of, any list of, or names
of, or any information concerning, persons ap-
plying for or receiving such assistance, direct-
ly or indirectly derived from the records, papers,
files, or communications of the State Department

or subdivisions or agencies thereof, or acquired in the course of the performance of official duties." (Underscoring ours)

It is noted then that information secured by the State Department in administering the various provisions of this Act is confidential, and we think properly so. The legislative intent or the public policy manifest by Section 33, supra, is well expressed in the case of Coopersberg v. Taylor, (Sup. Ct. of N. Y. 1933) 266 N. Y. Supp. 359, wherein the court, in construing a similar provision of the Public Welfare law of New York, said:

". . . The public policy expressed in this statute is founded upon the desirability that the identity of those accepting public relief should not be disclosed lest worthy recipients be discouraged from applying for relief by reason of the publicity to which they might be subjected. . . ."

By Opinion No. O-2122, addressed to Honorable Geo. H. Sheppard, this department held that the Comptroller was not authorized to furnish to the general public the old age warrant register and list of claims on file in that office.

Later, by Opinion No. O-4976, addressed to Honorable Homer Garrison, Jr., Director of the Department of Public Safety, we said:

"The Public Welfare Act of 1939, repealed by Acts of the 47th Legislature, contained a corresponding provision to Section 33, supra. Referring to records of the Department of Public Welfare, the Act of 1939 provided that such records shall be open to inspection only to persons duly authorized by the State, or the United States, to make such inspection in connectionwith their official duties. The Act of 1941 however makes no such exception.

"It is therefore the opinion of this department that the State Department of Public Welfare is not permitted to furnish the Texas Department of Public Safety with a list of names or persons, nor any information concerning persons applying

Honorable John H. Winters, page 4

for or receiving assistance through the State Department of Public Welfare."

You will note then that this department, by its opinions, has zealously guarded the confidential nature of this information in cases where the information is to be used for purposes in no way connected with the administration of the provisions of this Act.

However, under the facts here involved, we are of the opinion that the information requested is to be used for purposes directly connected with the administration of the Act. By the express terms of Section 33, you are authorized to furnish information, ". . . for purposes directly connected with the administration of general assistance. . . ." Such information must be furnished in accordance with the rules and regulations adopted by the State Department as provided by Section 33 (2), which reads as follows:

"The rule-making power of the State Department shall include the power to establish and enforce reasonable rules and regulations governing the custody, use, and preservation of the records, papers, files, and communications of the State Department and its local officers. Whereever, under provisions of law, names and addresses of recipients of public assistance are furnished to or held by any other agency or department of government, such agency or department of government shall be required to adopt regulations necessary to prevent the publication of lists thereof or their use for purposes not directly connected with the administration of public assistance."

Examining the Act as a whole, we find other pertinent provisions:

"Sec. 4. The State Department shall be changed with the administration of the welfare activities of the State as hereinafter provided. The State Department shall:

". . . .

"(5) Assist other departments, agencies and institutions of the local State and Federal Governments, when so requested and cooperate with such agencies when expedient, in performing services in conformity with the purposes of this Act;

". . . ." (Underscoring ours)

By the provisions of this Section, when construed in connection with other provisions of the Act, it becomes your duty to furnish the prosecuting officer with such information as may show or tend to show that a criminal act has occurred. That is, that the provisions of Section 32 have been violated. This information should be furnished in accordance with rules promulgated by the State Department and only such information as is necessary to show that a violation has occurred should be furnished. Personal data concerning family status, etc., which would in no way be relevant to a prosecution for a violation of provisions of this Act, should not be furnished.

In adopting rules concerning the use of information in your possession by others, we suggest you keep in mind not only the provisions of the statute, but also the legislative intent as expressed in the Coopersberg case, supra.

We see no objection to your field worker appearing in court and offering such testimony as the court may admit.

Trusting this fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
　　Benjamin Woodall
　　　　Assistant

By H. T. Bob Donahue
　　H. T. Bob Donahue

HTBD:db

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN